UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIAN FANG LI, A-246-889-016,

Petitioner,

v.

SERGIO ALBARRAN,

Respondents.

No. 1:26-cv-03749-DAD-EFB

FINDINGS AND RECOMMENDATIONS

Pending before the court is petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. Because petitioner has since been removed from the United States, the undersigned recommends the petition be dismissed as moot.

**BACKGROUND**

Petitioner, a Chinese national, initiated this action seeking habeas corpus relief under 28 U.S.C. § 2241, on May 15, 2026, alleging that he was unlawfully held in the custody of Immigration and Customs Enforcement (ICE). ECF No. 1. In his petition, petitioner alleged that his detention by respondents violated the Immigration and Nationality Act and its implementing regulations, the Administrative Procedures Act, the suspension clause of Article I of the Constitution, and his rights to due process and equal protection under the Fifth Amendment. *Id*. at 11-20. As relief, petitioner sought immediate release from custody, an order prohibiting respondents from transferring petitioner during the pendency of the instant proceeding, declaratory judgment, and attorneys fees and costs. *Id*. at 20-21.

On May 27, 2026, respondents filed an answer to the petition, in which they represent that petitioner was removed to China on May 22, 2026, and request that the petition be dismissed as moot as a result. ECF No. 8. On June 1, 2026, petitioner filed a traverse, in which he does not contest that he was removed to China on May 22, 2026. ECF No. 9.

**DISCUSSION**

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perr*y, 570 U.S. 693, 705 (2013). This requirement extends through the life of the case; a case must be dismissed if it becomes moot at any state. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997); *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In a habeas corpus action challenging immigration detention, the case becomes moot if the petitioner is deported, unless the petitioner alleges he will suffer some form of adverse collateral consequence in addition to deportation from the harms alleged in the petition. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007); *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003).

Here, the petition challenged only petitioner's pre-removal detention as violative of statute, regulations, and constitutional provisions. ECF No. 1 at 11-20. Because petitioner has been removed to China, however, his claims challenging the lawfulness of his pre-removal detention have become moot. *See Abdala*, 488 F.3d at 1064-65. The petition alleged no collateral consequences that would be redressed by a ruling in his favor. *See id*.; *see also* ECF No. 1. Because there is no extant controversy on which the court can act, the undersigned recommends the petition be dismissed. *See Abdala*, 488 F.3d at 1065.

**CONCLUSION**

Accordingly, it is RECOMMENDED that the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE